**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4394**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER JESSIE BLOOMFIELD,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-01135-RBH-1)

———————

Submitted:  November 18, 2013     Decided:  December 4, 2013

———————

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jessie Bloomfield appeals the district court's order revoking his term of supervised release and imposing a four-month sentence with no further term of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Bloomfield's revocation sentence is reasonable. Because Bloomfield's appeal is moot, we dismiss the appeal.

Bloomfield's present term of supervised release began in September 2012. In March 2013, the probation officer petitioned the court for an arrest warrant, alleging that Bloomfield had violated several terms of his supervised release. After Bloomfield admitted to violating these terms of his supervised release, the court revoked his supervised release and sentenced him to four months' imprisonment, but did not impose an additional term of supervised release.

During the pendency of this appeal, Bloomfield was released from imprisonment. Accordingly, his argument challenging the reasonableness of his revocation sentence is moot. See United States v. Hardy, 545 F.3d 280, 282-85 (4th Cir. 2008) (holding that, when defendant is no longer serving revocation sentence and no additional term of supervised release is imposed, appeal is moot); Friedman's, Inc. v. Dunlap, 290

2

F.3d 191, 197 (4th Cir. 2002) (whether this court is "presented with a live case or controversy is a question [the court] may raise sua sponte since mootness goes to the heart of the Article III jurisdiction of the courts" (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we dismiss the appeal as moot. This court requires that counsel inform Bloomfield, in writing, of his right to petition the Supreme Court of the United States for further review. If Bloomfield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bloomfield.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED